UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAWNYELL FLYNN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM RUBERT,<br><br>　　　　　Defendants. | Case No. 25-cv-00340-RFB-BNW<br><br>**ORDER** |

### I.　INTRODUCTION

Petitioner Dawnyell Flynn, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1).  This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]  For the reasons discussed below, the Court directs service of the petition, and is inclined to appoint counsel to represent Flynn.

### II.　PROCEDURAL BACKGROUND

Flynn challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Flynn*, Case No. C-13-286736-2.[2]  The state court entered a judgment of conviction pursuant to a jury verdict for conspiracy to commit murder and first-degree murder with use of a deadly weapon.  The state court sentenced Flynn to life with the possibility of parole after 20 years in addition to a consecutive enhancement of 36 to 96 months for the use

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspxand; http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

of a deadly weapon. The judgment of conviction was affirmed on direct appeal.

In February 2022, Flynn filed a state petition for writ of habeas corpus. The state court denied post-conviction relief and the Nevada Court of Appeals affirmed the denial of relief in January 2025, and a remittitur issued the following month. In February 2025, Flynn initiated this federal habeas corpus proceeding *pro se*. ECF No. 1.

### III.    DISCUSSION

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointed counsel for a financially eligible person who is seeking relief under section 2254 "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); see also Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). On the other hand, when a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. LaMere, 827 F.2d at 626.

In her petition, Flynn requests that the Court appoint Michael Lasher to represent her in the federal habeas proceedings. Flynn is not entitled to the appointment of counsel of her choosing. The Court, however, finds that the appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure. Further, it is unclear whether Flynn will be able to adequately articulate her claims in proper person with the resources available to her.

Before the Court appoints counsel, Flynn will have 30 days from the date of entry of this order to file an objection to the appointment of counsel to represent her in this habeas matter. If Flynn does not file an objection within 30 days from the date of entry of this order, the Court will provisionally appoint the Federal Public Defender as counsel to undertake direct representation of Flynn. If the Federal Public Defender is unable to represent Flynn, the Court will appoint alternate

counsel. The counsel appointed will represent Flynn in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Dawnyell Flynn has 30 days to file an objection to the appointment of counsel to represent her in all federal proceedings related to this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notice of electronic filing to the Nevada Attorney General's office only.

**IT IS FURTHER ORDERED** that the Court will issue an order setting a briefing schedule following the deadline for Flynn to file an objection to the appointment of counsel. If counsel is appointed, a deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

**DATED:** April 11, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**