**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAWNYELL FLYNN, | Case No. 2:25-cv-00340-RFB-BNW |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM RUBERT, *et al.*, | |
| Respondents. | |

Petitioner Dawnyell Flynn filed a counseled First Amended Petition on July 30, 2025, based on counsel's calculations for filing a timely petition under the Antiterrorism and Effective Death Penalty Act. ECF No. 10. Flynn now moves for leave to file a second amended petition. ECF No. 12. Respondents filed a non-opposition to Flynn's motion. ECF No. 13.

Flynn provides that she filed her First Amended Petition as a protective petition to plead her claims in a timely fashion. ECF No. 12 at 1. Flynn requests leave to file a second amended petition so that she can continue to investigate her case. She further requests that the Court waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave to amend, explaining that Flynn does not yet know the outcome of her completed investigation. Id. at 3.

When counsel is appointed to represent a habeas petitioner, leave is granted to file an amended petition as a matter of course. Here, counsel is requesting an opportunity to conduct a full review or investigation of the case before filing a second amended petition. The Court sees no reason to depart from the usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Moreover, under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave, and "[t]he court should freely give leave when justice so

requires."

The Court finds that there is good cause to grant Flynn's motion to amend. This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not intend this order to convey any opinion whatsoever about when the limitations period expires (or expired). The Court waives the requirement of LR 15-1(a) and instructs Flynn to file her second amended petition no later than 60 days following the date of entry of this Order.

**IT IS ORDERED** that Petitioner Dawnyell Flynn's Motion to Amend (ECF No. 12) is **GRANTED**. Flynn has **60 days** following the date of entry of this Order to file her second amended petition.

**IT IS FURTHER ORDERED** that Respondents' unopposed Motion for Enlargement of Time (ECF No. 14) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that Respondents must file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition. Petitioner may file a reply within 30 days of service of the answer. However, Local Rule LR 7-2(b) governs the response and reply time to any motions filed by either party, including motions filed in lieu of a pleading.

**IT IS FURTHER ORDERED** that any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments

that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

**IT IS FURTHER ORDERED** that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that Respondents must file the state court exhibits relevant to their response in chronological order.

**IT IS FURTHER ORDERED** that all state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

**DATED:** November 12, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**